**IN THE UNITED STATES DISTRICT COURT**
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DISNEY ENTERPRISES, INC.,

    PLAINTIFF,

vs.                                            Case No. 6:05-CV-1301-ORL-19KRS

ABC MARKETING, LLC D/B/A ROYALTY
HOLIDAYS and d/b/a ROYALTY TRAVELS;
ABC TRAVELS, LLC; ROYALTY HOLIDAYS,
LLC and MURAD A. PLASTICWALA,

    DEFENDANTS.
_____/

PERMANENT INJUNCTION AGAINST DEFENDANTS ABC MARKETING, LLC
d/b/a ROYALTY HOLIDAYS and d/b/a ROYALTY TRAVELS;
ABC TRAVELS, LLC; ROYALTY HOLIDAYS, LLC
and MURAD A. PLASTICWALA

Upon consideration of the mutual agreements contained in the Settlement Agreement and Consent to Permanent Injunction among Plaintiff, and ABC Marketing, LLC d/b/a Royalty Holidays and d/b/a Royalty Travels; ABC Travels, LLC; Royalty Holidays, LLC, and Murad A. Plasticwala (hereinafter collectively known as "Defendants"), the Court makes the following findings of fact and conclusions of law:

    1)    This Court has jurisdiction over the Plaintiff, Disney Enterprises, Inc. (hereinafter "Disney") and Defendants ABC Marketing, LLC d/b/a Royalty Holidays

1

and d/b/a Royalty Travels; ABC Travels, LLC; Royalty Holidays, LLC, and Murad A. Plasticwala, and the subject matter of this action.

2) The Defendants have stipulated that Disney is the owner and/or exclusive licensee of all copyrights and trademarks to the Disney Characters and Disney Trademarks as such terms are defined in the complaint ("Complaint") filed by Plaintiff, a representative sample of which are identified in the Complaint and also are listed as Exhibits "A" and "B" to this Permanent Injunction. Disney owns numerous other registrations and regularly files and receives new registrations for the Disney Characters and Disney Trademarks as well as for new copyrighted works and trademarks. The registrations are valid and subsisting and are conclusive proof of the Plaintiff's rights to the marks and properties noted. Disney's current registrations to the Disney Characters and Disney Trademarks as well as any future registrations it receives for its copyrighted works and trademarks will be hereinafter collectively referred to as "the Trademarks and Copyrighted Properties."

3) The Defendants have stipulated that Disney will have suffered irreparable injury in the event Defendants may have engaged in the distribution, display, sale, advertisement, promotion, marketing, and/or offer for sale of travel, leisure, hotel, theme park or vacation services (hereinafter known as "Travel

Packages") in conjunction with unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks and Copyrighted Properties, or bearing a design or image which is of a substantially similar appearance to the Trademarks and Copyrighted Properties, or through Defendants' distribution of facsimile blast advertising, voice blast advertising, Web site advertising for its Travel Packages, which advertising utilized unauthorized reproductions of the Trademarks and Copyrighted Properties, or which advertising suggested that Disney has sponsored, approved or authorized the Travel Packages. The Plaintiff will continue to suffer irreparable harm and injury should a Permanent Injunction Order not be issued.

4) Defendants have stipulated and agreed to entry of a Permanent Injunction forever enjoining them from selling, offering for sale, advertising, promoting, marketing and/or distributing Travel Packages in conjunction with any unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks and Copyrighted Properties, or any unauthorized design or image which is of a substantially similar appearance to the Trademarks and Copyrighted Properties, or from utilizing such unauthorized Trademarks and Copyrighted Properties in or in conjunction with any email solicitations, pop-ups, pop-unders, web site advertisements,

Internet advertisements, newsgroup postings, facsimile solicitations, telemarketing solicitation, wireless solicitations, print advertising, radio advertising and/or television advertising for its Travel Packages. The Permanent Injunction will not preclude defendants from making fair use of the following marks: "Disney", "Walt Disney World", and "Epcot", together with the names of any other Walt Disney World resort theme park, in block letter form solely to accurately and fairly describe the Travel Packages they are selling, distributing and offering for sale, to the extent that the Travel Packages offered in conjunction with the mark actually include tickets or reservations at the applicable theme park or resort. The reproduction of the marks in block letter form must be the smaller of: (a) one half the size of the lettering utilized on the solicitation or advertising copy identifying the solicitation or advertising as originating from or sponsored by Defendants, or (b) no larger than the size, and of the same type, of the surrounding advertising copy in which the mark is utilized to identify the Disney theme park or resort.

In view of the foregoing:

IT IS ORDERED AND ADJUDGED that a PERMANENT INJUNCTION is entered as to ABC Marketing, LLC d/b/a Royalty Holidays and d/b/a Royalty Travels; ABC Travels, LLC; Royalty Holidays, LLC, and Murad A. Plasticwala, pursuant to Rule

65 of the Federal Rules of Civil Procedure, enjoining ABC Marketing, LLC d/b/a Royalty Holidays and d/b/a Royalty Travels; ABC Travels, LLC; Royalty Holidays, LLC, and Murad A. Plasticwala, their agents, servants, employees and attorneys, and upon those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise:

    a.    from selling, offering for sale, advertising, promoting, marketing and/or distributing Travel Packages in conjunction with any unauthorized simulations, reproductions, counterfeits, copies or colorable imitations of the Trademarks and Copyrighted Properties, or any unauthorized design or image which is of a substantially similar appearance to the Trademarks and Copyrighted Properties, or from utilizing such unauthorized Trademarks and Copyrighted Properties in or in conjunction with any email solicitations, pop-ups, pop-unders, web site advertisements, Internet advertisements, newsgroup postings, facsimile solicitations, telemarketing solicitation, wireless solicitations, print advertising, radio advertising and/or television advertising. Notwithstanding this prohibition the injunction will not preclude Defendant(s) from making fair use of the following marks, "Disney",

"Walt Disney World", and "Epcot", together with the names of any other Walt Disney World resort theme park, in block letter form solely to accurately and fairly describe the Travel Packages they are selling, distributing and offering for sale, to the extent that the Travel Packages offered in conjunction with the mark actually include tickets or reservations at the applicable theme park or resort.  The reproduction of the marks in block letter form must be the smaller of: (a) one half the size of the lettering utilized on the solicitation or advertising copy identifying the solicitation or advertising as originating from or sponsored by Defendant(s), or (b) no larger than the size, and of the same type, of the surrounding advertising copy in which the mark is utilized to identify the Disney theme park or resort;

b.  from passing off, inducing or enabling others to sell or pass off, as authentic services or products produced by the Plaintiff or otherwise authorized by the Plaintiff, any service or product not manufactured by the Plaintiff or produced under the control or supervision of the Plaintiff, or approved by the Plaintiff;

      c.      from committing any act calculated to cause purchasers to believe that the Defendants' services and/or products are those sold under the control and supervision of the Plaintiff, or are sponsored, approved or guaranteed by the Plaintiff, or are connected with and produced under the control or supervision of the Plaintiff;

      d.      from diluting and infringing the Plaintiff's Trademarks and Copyrighted Properties and damaging their goodwill;

      e.      from causing, aiding, and/or abetting any other person from doing any act proscribed under a. through d. above.

It is further, ORDERED AND ADJUDGED,

That this Court shall retain jurisdiction of this action for purposes of enforcing the provisions of the Settlement Agreement and Consent to Permanent Injunction and Permanent Injunction and Final Order by way of contempt or otherwise. ABC Marketing, LLC d/b/a Royalty Holidays and d/b/a Royalty Travels; ABC Travels, LLC; Royalty Holidays, LLC, and Murad A. Plasticwala agree not to contest the validity of the Trademarks and Copyrighted Properties in any such proceedings.

Its is further, ORDERED AND ADJUDGED,

The parties have indicated that they waive appeal of this Permanent Injunction

7

and Final Order.

It is further, ORDERED AND ADJUDGED,

That this Permanent Injunction and Final Order shall operate as a final judgment as to ABC Marketing, LLC d/b/a Royalty Holidays and d/b/a Royalty Travels; ABC Travels, LLC; Royalty Holidays, LLC, and Murad A. Plasticwala.

It is further, ORDERED AND ADJUDGED,

That each party to this Permanent Injunction and Final Order shall bear its own attorneys' fees and costs of this action.

Dated this _24th___ day of ___July_____, 2006, at 11:24 a.m.

_____
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT